PEOPLE *ex rel.* FARLEY *v.* CRIMMINS *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

MUNICIPAL CORPORATIONS—POLICE COMMISSIONERS—POWER TO DISCHARGE OFFICER.
     Where the preponderance of testimony shows that a police officer while on duty was found off his post, lying on the grass with two other officers, in violation of the rules of the police department, the police commissioners, under the rules of the department and the authority of the statute, have the power to dismiss the officer, and this court cannot interfere to change or reverse their conclusion, even if inclined to do so.

*Certiorari* to board of police commissioners.

The people *ex rel.* Henry Farley bring *certiorari* against John D. Crimmins *et al.*, commissioners, etc., to review their decision removing the relator from the police force of the park department.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

J. *Cochrane,* for relator.     W. L. *Turner,* for respondents.

DANIELS, J. The charge against the relator was that he was off his post, lying down on the grass, with his horse tied to a tree, in company with two other officers in substantially the same situation; thereby grossly violating the rules of the department, and neglecting his duty. The evidence of the sergeant by whom the charge was made tended, not only directly, but very fully, to establish the truth of the charge. His statement, in brief, was that he heard the stamping of some animal in the bushes, and went to see what it was, when he found three officers lying on the ground, one of them with his coat off, and their horses tied to the lower branches of a tree; that he found the tin can pro-

duced upon the hearing, having beer in it, which was right along-side of them. They made no excuse for being there in this manner at the time, and the evidence accordingly directly tended to prove that they violated the rules of the department, and were neglecting their duty as its officers. This was denied by the officers accused, for the first time, when the charge was formally made, and they then stated that they went into the bushes after disorderly persons, who they were informed were in that vicinity, and that they discovered three or four boys, 17 years of age and upward, who jumped into the transverse road and ran away. The strength of their evidence presenting this excuse was materially weakened by the circumstances that no allusion to or mention of it was made by either of the officers at the time when they were discovered by the sergeant. The witness Thomas C. McLoughlin, in the evidence given by him, did not in fact corroborate the statements made by the officers on the examination; for, while he testified that he saw a person going with beer to the place where the disorderly individuals were alleged to have been seen, it is clear he was another and different person from the boy mentioned by the sergeant, and conceded by the officers to have been near them at the time when they were discovered. The boy who in fact was there, as it was proved by the sergeant and the concessions of the inculpated officers, was about six years old; while the one whom this witness saw carrying the beer was about 17 years old, and the can which the sergeant had taken from the place where he found the officers, and produced upon the hearing, was stated by McLoughlin not to be the can he saw with the individual who was carrying the beer. There was good reason for believing, therefore, that the occasion referred to in the evidence of McLoughlin was another and different one from that when those officers were discovered by the sergeant, and his testimony, therefore, was of no weight, so far as it tended to exculpate them from the charge which had been made. As the case was presented to the commissioners, the proof was sufficient to warrant them in the conclusion at which they arrived. No preponderance existed in favor of the officers, but it was against them, and fully sustained the conclusion which the commissioners adopted; and, being so sustained, they were under the rules of the department, as well as the authority conferred upon them by the statute, empowered to dismiss the relator from the service; and this court has no right, where that is the state of the evidence, to interfere by way of changing or reversing the conclusion of the commissioners, even though it might be inclined or disposed so to do. The proof which was received concerning another violation of one of the rules of the department had no bearing or effect upon this decision, and furnishes no reason for differing from the conclusion reached by the commissioners. The decision which has been brought before the court by the writ of *certiorari* should therefore be affirmed.

VAN BRUNT, P. J., and BRADY, J., concur.